IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-02791-RBJ-MJW

HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, a California corporation,

    Plaintiff,

v.

JUAN SANCHEZ, an individual, and
ANTHONY ORALANDO SANCHEZ, an individual,

    Defendants.

---

ORDER

---

    This case comes before the Court on motions for summary judgment filed by the plaintiff, Horace Mann Property & Casualty Insurance Company [docket #25] and by defendant Juan Sanchez [#26]. Both motions seek a declaratory judgment as to whether under the terms of a Horace Mann insurance policy issued to Anthony Orlando Sanchez Juan Sanchez qualifies as an insured and is entitled to underinsured motorist (UIM) benefits.

**Facts**

    The facts are largely undisputed. On September 3, 2010 Anthony Orlando Sanchez was driving his 2002 Dodge pickup truck on Colorado Highway 159, pulling a trailer. Juan Sanchez, Anthony's brother, was riding in the passenger seat of the pickup. The brothers began to argue. Anthony pulled over to the side of the road, both brothers got out of the pickup, and the argument continued. Anthony then returned to the driver side of the car, while Juan made a phone call. Following the phone call, Juan went to the back of the pickup truck and began to detach the trailer from the pickup. He was touching the truck at this time and may have been

leaning on it. While Juan Sanchez was attempting to detach the trailer, Anthony, who was back in the driver's seat, began to pull away in the truck. Juan Sanchez was struck by the trailer and was seriously injured, as is evident from the undisputed fact that he incurred more than $400,000 in medical expenses.

Anthony had purchased a "Readable car policy" from Horace Mann. #05-68011830 ("the Policy"), filed as Exhibit 1 to plaintiff's motion [#25-1]. My citations to the policy will be to the pages of document #25-1 rather than to the policy's original page numbers. The types of coverages provided and the limits of those coverages are summarized in the declarations page. *Id.* at 2. The policy's terms are set forth on a printed form and, as relevant here, include liability coverage (Section I), medical payments coverage (Section II) and uninsured/underinsured (UM/UIM) motorist coverage (Section IV). *Id.* at 9, 12, and 15.

According to defendant's motion Horace Mann had previously paid Juan Sanchez $100,000 which is the per person limit of the policy's liability coverage for bodily injury. Motion [#26] at 1-2. Mr. Sanchez also states that Horace Mann paid him the medical payment benefit. *Id.* at 2. He now seeks a declaration that he is also entitled to recover underinsured motorist benefits under the policy. Horace Mann seeks a declaration that he is not.

**Standard**

Generally, summary judgment is appropriate when "the movant shows that there is no genuine dispute to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Interpretation of a contract is an issue of law that is decided by the Court. *Lake Durango Water Co., Inc. v. Public Utilities Com'n of State of Colorado,* 67 P.3d 12, 20 (Colo. 2003).

**Conclusions**

At the outset I note certain coverage questions that the parties appear to have resolved or conceded. First, the policy promises to pay "damages for bodily injury an insured is *legally entitled to collect* from the owner or driver of an underinsured motor vehicle." Policy [#25-1] at 15 (emphasis added). Horace Mann apparently concedes that Anthony was negligent, and that Juan, as a victim of his negligence, is legally entitled to recover damages from him. The fact that Horace Mann paid Juan the limits of the liability coverage under Section I of the policy reflects that concession.

Second, according to the declarations page, the coverage he purchased was <u>uninsured</u> motorist coverage as provided by coverage J. *Id.* at 2. The declarations page does not indicate that Anthony purchased <u>underinsured</u> motorist coverage as provided by section S. However, the parties have assumed in their motions and responses that the policy did provide underinsured motorist coverage. This might reflect their interpretation of C.R.S. 10-4-609 and appellate law. *See, e.g., DeHerrera v. Sentry Ins. Co.*, 30 P.3d 167, 173-74 (Colo. 2001). This is not a disputed issue.

Third, the parties motions and briefs focus almost entirely on whether Juan Sanchez was an insured for purposes of the UM/UIM coverage of the Policy. An insured for purposes of UM/UIM coverage is the policy holder (Anthony); his relatives living in the same household (not applicable); and any person occupying the car. Policy [#25-1] at 16. "Occupying" is a defined term meaning "in, on, entering, or alighting from." *Id.* at 6. Juan argues that because he had his hand on and perhaps was learning on the pickup, he was "on" the vehicle. Horace Mann argues that he was not "on" the vehicle. While Juan might not have been "on" the pickup under an

3

ordinary interpretation of the word, I note that the medical payments coverage (section II) is available to the insured, resident relatives, and any other person "occupying" the vehicle. *Id.* at 12. Horace Mann provided the medical payments benefit to Juan. Implicitly, the insurer interpreted the word "on" to Juan's benefit for that purpose. That is a powerful argument that he should also be considered to have been "on" the vehicle for purposes of the UM/UIM coverage. In any event, I will assume for purposes of this order that he does qualify as an insured person under section IV of the policy.

Nevertheless, the parties have asked this Court to interpret the policy and its coverage as a matter of law and to apply the policy as thus interpreted to the undisputed facts of this case. "The terms of an insurance policy are interpreted in accordance with general rules of contract interpretation, and should be construed to promote the intent of the parties." *Union Ins. Co. v. Houtz,* 883 P.2d 1057 (Colo. 1994). The meaning of an insurance contract should be interpreted as it would be understood by persons of ordinary intelligence. *Simon v. Shelter General Ins. Co.,* 842 P.2d 236, 240 (Colo. 1992). "In construing a policy, words should be given their plain meaning according to common usage, and strained constructions should be avoided." *Compton v. State Farm Mut. Auto. Ins. Co.,* 870 P.2d 545, 547 (Colo. App. 1993).

Under the terms of this policy, an "underinsured motor vehicle" is "a motor vehicle, the ownership, maintenance or use of which is insured for bodily injury and property damage, but the sum of the limits of liability of *such insurance* is less than the limits of liability of the coverage under *this policy*." Policy [#25-1] (emphasis added). Juan claims that the pickup was an underinsured motor vehicle. However, the definition does not apply to these facts. To have an underinsured motor vehicle, one must compare the liability limits of two policies. "In other words, an insured is entitled to recover UM/UIM benefits when a person who is at fault in an

4

accident does not have any liability insurance. UM/UIM benefits are also available when the tortfeasor is the owner or driver of an underinsured motor vehicle." *DeHerrera v. Sentry Ins. Co.*, 30 P.3d 167, 173-74 (Colo. 2001). Here, however there is only one policy. One cannot compare the limits of this policy to itself. Moreover, the policy makes this logical conclusion explicit: "An underinsured motor vehicle does not include any land motor vehicle or trailer: 1. Insured under the liability coverage of this policy." Policy [#25-1] at 16.

Accordingly, the Court must conclude, as a matter of law, that the policy provides no underinsured motorist coverage to Juan Sanchez on the facts of this case. I note that even if one could compare the liability limits of this policy to the UM/UIM limits of the policy, which is a comparison that cannot be made under the policy's terms, the limits are the same.

Defendants argue that public policy requires that the policy be interpreted in favor of providing coverage to Juan Sanchez. However, "UM/UIM insurance is designed to protect an innocent insured as if the person at fault had been insured for liability." *DeHerrera,* 30 P.3d at 175. "The intent of the legislature is served when a person injured by an uninsured or underinsured motorist receives insurance coverage to the same extent as a person injured by an insured motorist." *Union Ins. Co. v. Houtz*, 883 P.2d 1057, 1064 (Colo. 1994). That intent is not served here. We are not dealing with an uninsured or underinsured motorist. Under the explicit terms of the policy, Juan was entitled to receive, and did receive, the $100,000 in liability insurance coverage that Anthony purchased. He might have been entitled to received, and in any event did receive, the medical payments benefit. He was not entitled to receive underinsured motorist benefits.

**Order**

1. Plaintiff's motion for summary judgment [#25] is GRANTED.

2. Defendant Juan Sanchez' motion for summary judgment [#26] is DENIED.

3. The Court enters its final written judgment declaring that Juan Sanchez is not entitled to uninsured or underinsured motorist benefits under the Horace Mann policy. Mr. Sanchez' counterclaim is dismissed. Plaintiff as the prevailing party is awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 4th day of December, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge